**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

TIMOTHY ONEAL,

        Plaintiff,

v.                                                    Case No. 22-cv-12293

KURT MOFFIT,

        Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND/OR
FOR SUMMARY JUDGMENT AND DISMISSING FOR LACK OF JURISDICTION**

This case concerns alleged constitutional violations stemming from a traffic stop. (ECF No. 1-2, PageID.11–13.) Pending before the court is Defendant Kurt Moffit's "Motion to Dismiss and/or for Summary Judgment, or, in the Alternative, Motion for More Definite Statement." (ECF No. 4.) The motion has been fully briefed. A hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For reasons explained below, the court will grant Defendant's motion under Federal Rule of Civil Procedure 12(b)(6) while also dismissing Plaintiff Timothy O'Neal's lawsuit for lack of subject matter jurisdiction.

**I.    BACKGROUND[1]**

Plaintiff's two-page, *pro se* complaint is largely nonsensical. However, the court has managed to parse out in broad terms the events giving rise to this lawsuit. On May 15, 2022, Plaintiff was pulled over by Defendant, an officer affiliated with the City of

---

[1] Given the nature of Defendant's motion, all factual allegations are taken from Plaintiff's complaint and are construed as true with all plausible inferences granted to Plaintiff. FED. R. CIV. P. 12(b)(6); *JPMorgan Chase Bank, N.A. v. Winget,* 510 F.3d 577, 581 (6th Cir. 2007).

Durand. (ECF No. 1-2, PageID.11–13.) Plaintiff specifically claims that Defendant "[w]ithout reasonable suspicion and also committing a felony running his Emergency Lights on his municipal vehicle [without] a emergency made me stop my personal conveyance 5/15/22." [sic] (ECF No. 1-2, PageID.11.) Plaintiff further claims, in what the court liberally interprets to be an attempted factual allegation section, that Defendant:

> 2. Did in fact Violate Tim Oneal(c). Constitutional rights as "American State National Sovereign". And God given Right to Travel. And Assemble. [sic]
>
> 3. Did In fact Violate Civil Rights Code 42 USC 1983. [sic]
>
> 4. Did in fact Refuse to fill out Emergency and Incident Report I asked to have for my protect. Also putting municipal employees on Notice for $100,000.00 for every 5 minutes I am Detained. [sic]
>
> 5. Violated 14 amendment to my Constitutional Rights. Illegal Search and Seizure. [sic]

(Id.) Plaintiff then sets forth two counts relating to extortion under 10 U.S.C. § 927, against "[t]he Defendant Ward L. Clarkson," who is not named in the caption of the complaint, and racketeering under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, against "[t]he Defendant In fact Along with The City of Durand British Associate Registry. Aka (BAR) association." [sic] (Id. at PageID.12.) As it relates to Count 2, Plaintiff specifically alleges that Defendant and the City of Durand "Conspired to a KANGAROO Court Admiralty LAW system for obtaining CORPORTAION profit." [sic] (Id.) No additional factual allegations accompany these counts. (*See* id.)

## II.   STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint for a failure to state a claim upon which relief can be granted. To survive a motion to dismiss, a plaintiff must allege facts that, if accepted as true, are sufficient "state a claim

2

to relief that is plausible on its face." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see* FED. R. CIV. P. 8(a)(2). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Although the court "must accept all well-pleaded factual allegations in the complaint as true," the court "need not accept as true a legal conclusion couched as a factual allegation." *Hensley Mfg.*, 579 F.3d at 609 (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted). In short, the plaintiff's complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

### III.   DISCUSSION

Defendant's argument under Rule 12(b)(6) is simple.[2] He contends that Plaintiff's complaint is "without a single factual allegation." (ECF No. 4, PageID.38.) As such, Defendant argues that any "finding [of] a potential claim for relief would be the Court creating Plaintiff's claim for him." (Id.) Since a viable claim has not been submitted, Defendant concludes that dismissal is appropriate. (Id.)

---

[2] The court is restricting its review to Defendant's arguments under Rule 12(b)(6) because a review of Plaintiff's complaint alone is sufficient to resolve this lawsuit. It accordingly will not consider the merits of Defendant's summary judgment arguments or the documentation supporting those arguments, which expand the record outside the scope of Plaintiff's complaint. *See Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008).

Plaintiff's response[3] to Defendant's motion is almost as nonsensical as his complaint. (ECF No. 6.) Plaintiff neglects to address the substance of Defendant's arguments. Rather, he largely focuses on his status as a sovereign citizen, the steps he has taken in Shiawassee County to establish that both the 66th District Court and City of Durand have no jurisdiction over him, and a wealth of what the court interprets to be "sovereign citizen" legal theories regarding the right to travel. (Id. at PageID.68-69, 72–86.) While Plaintiff does provide some new information as to the events of May 15, 2022, he offers no legal argument as to why his complaint should survive Defendant's Rule 12(b)(6) motion. (Id. at PageID.87–88.)

Plaintiff's complaint is the textbook inadequate pleading contemplated by *Ashcroft* and *Twombly*. The entirety of the filing consists of a few naked assertions and a glut of legal conclusions. (ECF No. 1-2, PageID.11–12.) While those proceeding *pro se* are entitled to some leniency, the more liberal pleading standard applicable to such litigants does not salvage Plaintiff's cause here. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). The deficient nature of Plaintiff's complaint under Rule 8(a)(2) is so readily apparent on the pleading's face that any attempt by the court to read a claim from it would effectively result in the court improperly acting as Plaintiff's counsel. *See Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Payne v. Secretary of Treasury*, 73 Fed. App'x 836, 837 (2003). As such, dismissal is warranted under Rule 12(b)(6).

However, while not expressly raised by Defendant, the court finds itself more substantively preoccupied with jurisdiction concerns. "[A] district court may, at any

---

[3] The court notes that Plaintiff fails to comply with the court's local rules in formatting his Response. *See* E.D. Mich. LR 5.1, 7.1

4

time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *see also* FED. R. CIV. P. 12(h)(3). Plaintiff's complaint, arising from his alleged rights as a sovereign citizen[4], contains such allegations. Federal courts repeatedly reject sovereign citizen theories as frivolous and a waste of judicial resources. *See U.S. v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017); *U.S. v. Gooch*, 595 Fed. App'x 524, 527 fn.1 (6th Cir. 2014); *Payne v. Kilda*, No. 15-cv-14127, 2016 WL 491847, at *3–4 (E.D. Mich. Jan. 6, 2016) (Morris, M.J.); *Wolshlager v. Gast*, No. 1:19-cv-293, 2019 WL 2250752, at *1 (W.D. Mich. May 2, 2019) (Kent, M.J.). Plaintiff's action is of the same ilk. His status as an "American State National Sovereign" does not confer on him special constitutional rights with respect to driving.[5] As such, dismissal of this action is separately warranted for want of subject matter jurisdiction.

### IV.   CONCLUSION

For the reasons stated above, the court grants Defendant's motion to dismiss under Rule 12(b)(6), as Plaintiff fails to state a claim upon which relief can be granted

---

[4] Plaintiff identifies himself as an "American State National Sovereign," uses the incorporation symbol ("©") after his name, refers to the admiralty law system, and attached an "Affidavit of Declaration of Nationalist 1779 Status" to his complaint, all of which are indicative adherence to the sovereign citizen movement. (ECF No. 1-2, PageID. 11–15.); *see also U.S. v. Cook*, No. 3:18-CR-00019, 2019 WL 2721305, at *1–2 (E.D. Tenn. June 28, 2019) (Reeves, J.) (referencing Francis X. Sullivan, *The "Usurping Octopus of Jurisdictional/Authority": The Legal Theories of the Sovereign Citizen Movement*, 1999 WIS. L. REV. 785, 795-813 (1999).).

[5] To the extent that Plaintiff attempts to argue a lack of reasonable suspicion supported the stop, as the court has already noted, Plaintiff provides no facts to support the theory.

5

due to his complaint's clear factual deficiencies. The court further finds it lacks subject matter jurisdiction under Rule 12(b)(1) and/or 12(h)(3) on frivolity grounds, thereby separately supplying a basis for dismissing the entirety of Plaintiff's action. Accordingly,

IT IS ORDERED that Defendant's Motion to Dismiss and/or for Summary Judgment, or, in the Alternative, Motion for More Definite Statement (ECF No. 4) is GRANTED under Federal Rule of Civil Procedure 12(b)(6).

IT IS FURTHER ORDERED that, due to lack of subject matter jurisdiction, the entirety of Plaintiff's action is DISMISSED.

                                                s/Robert H. Cleland                 /
                                                ROBERT H. CLELAND
                                                UNITED STATES DISTRICT JUDGE

Dated: March 29, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 29, 2023, by electronic and/or ordinary mail.

                                                s/Lisa Wagner                     /
                                                Case Manager and Deputy Clerk
                                                (810) 292-6522

S:\Cleland\Cleland\EKL\Opinions & Orders\Civil\22-12293.O'NEAL.MTDorMSJ.EKL.CHD.docx